UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SELENA ROBERTSON

        Plaintiff,

vs.                                      Case No.:

JP MORGAN CHASE & CO.,

        Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SELENA ROBERTSON ("Plaintiff"), by and through her undersigned attorney, hereby sues the Defendant, JP MORGAN CHASE & CO., ("Defendant"), and states as follows:

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601, *et seq*. Plaintiff seeks all damages to which she is entitled by law.

2. At all material times hereto, Plaintiff was a resident of Hillsborough County, Florida.

3. At all material times hereto, Defendant was and continues to be a foreign profit corporation conducting business in Hillsborough County, Florida.

4. Venue lies in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1391(a), because the causes of action set forth herein arose within the district.

5. Plaintiff hired Morgan & Morgan, P.A. to represent her in this action. Plaintiff is obligated to pay Morgan & Morgan, P.A. reasonable attorney fees, costs and expenses for their services.

6. On July 6, 2018, Plaintiff was an employee of Defendant who was entitled to leave under the FMLA, based on the fact that she was employed by Defendant for at least twelve months and had worked at least 1,250 hours over the preceding twelve months at a location where the Defendant employed fifty or more employees within 75 miles.

7. Defendant hired Plaintiff on July 6, 2017.

8. On or about May 2, 2018, Plaintiff began suffering from a "serious health Condition" – migraines – as defined by the FMLA that prevented her from being able to work intermittently. On May 6, 2018, Plaintiff was hospitalized due to the severity of the migraines.

9. Plaintiff saw a specialist for the migraines on May 17, 2018.

10. Thereafter, Plaintiff applied for intermittent FMLA leave from work with the Defendant due to her serious health condition. On or about July 6, 2018, Defendant approved Plaintiff's request for intermittent FMLA leave for her serious health condition.

11. On July 24, 2018, Plaintiff exercised her FMLA rights and used her intermittent FMLA leave because she was unable to work.

12. On July 25, 2018, Plaintiff's supervisor, Jessica Lawson, told Plaintiff she needed to resign otherwise she would be terminated because she missed work on July 24, 2018 when she had exercised her FMLA rights. Therefore, Plaintiff was terminated. Alternately, Plaintiff was "constructively discharged" because she was forced to resign under the threat of an impending termination.

13. Defendant denied Plaintiff her FMLA rights when it terminated, or constructively discharged her employment by not allowing her to return to her job following FMLA leave or in retaliation for taking, or being entitled to take in the future, intermittent FMLA leave, or both.

## COUNT I
## FAMILY MEDICAL LEAVE ACT -INTERFERENCE

14. Plaintiff re-alleges and adopts herein the allegations stated in paragraphs 1 through 13.

15. Plaintiff was an employee of Defendant who was entitled to the protections of the FMLA at the time her employment with Defendant ended.

16. On or about July 6, 2018, Defendant approved Plaintiff's application for intermittent FMLA leave.

17. On July 24, 2018, took approved intermittent FMLA leave from work because she was unable to work due to her serious health condition.

18. Defendant did not allow Plaintiff to return to her position after she took FMNLA leave on July 24, 2018.

19. On July 25, 2018, Plaintiff was terminated or constructively discharged under the threat of an impending termination made by her supervisor.

20. Defendant's intentionally denied Plaintiff her right to return to work pursuant to the FMLA.

21. Defendant's actions constitute a willful violation of the FMLA.

22. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays that the following damages be awarded in her favor and against Defendant:

    a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate;

    b. Additional liquidated damages in the amount of the above-requested award;

    c. Equitable relief in the form of reinstatement or front pay, as the court deems

appropriate; and

d.  Attorney fees, expenses, expert witness fees, costs of this action, and such other relief as the court may deem just and proper.

## COUNT II
## FAMILY MEDICAL LEAVE ACT - RETALIATION

23. Plaintiff re-alleges and adopts herein the allegations stated in paragraphs 1 through 13 as though fully set forth herein.

24. By the conduct described above, Defendant retaliated against Plaintiff for exercising her FMLA rights.

25. On or about July 6, 2018, Defendant approved Plaintiff's application for intermittent FMLA leave.

26. On July 24, 2018, took approved intermittent FMLA leave from work because she was unable to work due to her serious health condition.

27. Defendant retaliated against Plaintiff for taking, or being entitled to take in the future, intermittent FMLA leave, or both.

28. On July 25, 2018, Plaintiff was terminated or constructively discharged under the threat of an impending termination made by her supervisor in retaliation for exercising her FMLA rights.

29. Defendant's intentionally retaliated against Plaintiff because she exercised her FMLA rights.

30. Defendants' action constitutes a willful violation of the FMLA.

31. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays that the following damages be awarded in her favor and against Defendant:

    a.   Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate;

    b.   Additional liquidated damages in the amount of the above-requested award;

    c.   Equitable relief in the form of reinstatement or front pay, as the court deems appropriate; and

    d.   Attorney fees, expenses, expert witness fees, costs of this action, and such other relief as the court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for all issues so triable.

Dated this 20th day of February, 2019.

                                **MORGAN & MORGAN, P.A.**

                                */s/ Mitchell L. Fraley*
                                Mitchell L. Fraley, Esq.
                                Florida Bar No.: 0132888
                                Morgan & Morgan, P.A.
                                201 N. Franklin Street, Suite 700
                                Tampa, FL 33602
                                T: 813-223-5505
                                Mfraley@forthepeople.com
                                *Attorney for Plaintiff*